UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUNTER SEABORN
MACKENZIE BLACK,

     Plaintiff,

                                 Case 8:25-cv-01466-WFJ-CPT

vs.

ROBERT J. PERRAULT JR.,

     Defendant.

_____/

## ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, ROBERT J. PERRAULT, JR. (PERRAULT), by and through undersigned trial counsel, hereby files his Answer, Defenses, and Affirmative Defenses in response to Plaintiff's Amended Complaint in correspondingly numbered paragraphs as follows:

## INTRODUCTION

1.    The allegations asserted in the Amended Complaint speak for themselves. Admitted that PERRAULT is a detective with DFS. Otherwise, denied.

2.    Without knowledge and therefore denied.

3.    Admitted that Plaintiff's activities were criminal in nature. Otherwise, denied.

4.    Denied.

5.    Admitted that an underlying criminal case is referenced and styled *State of Florida v. Hunter Seaborn Mackenzie Black,* Case No. 2024CF000956, pending in Hernando County. Otherwise, denied.

6.    Admitted that DFS and PERRAULT investigate insurance fraud and refer cases that are investigated to offices of the State Attorney for review and prosecution. Otherwise, denied.

7.    Denied.

8.    Denied.

9.    Denied.

10.    Denied.

11.    Admitted that Plaintiff alleges that a true and correct copy of a Notice and Return Receipt to DFS is attached as Composite Exhibit A to the Amended Complaint, and that more than six months as passed. Otherwise, without knowledge and therefore, denied.

12.    Without knowledge and therefore, denied.

## JURISDICTION, PARTIES, AND VENUE

13.    Admitted.

14.    Without knowledge.

15.    Admitted that PERRAULT resides and is domiciled in Pasco County, Florida.

16.    Admitted that DFS is headquartered in Tallahassee, Florida, and operates throughout the State of Florida. Otherwise, denied.

17.    Without knowledge, based on Plaintiff adding DFS as a defendant pursuant to Florida's home venue privilege.

18.    Denied.

19.    Without knowledge.

## GENERAL ALLEGATIONS

### A.    PROPERTY LOSS DUE TO HURRICANES IS A FREQUENT OCCURRENCE IN THE STATE OF FLORIDA.

20.    Admitted that property damage claims occur in Florida following hurricanes, floods, and certain storm related events. Otherwise, without knowledge and therefore, denied.

21.    Without knowledge as phrased and therefore denied.

22.    Without knowledge as phrased and therefore denied.

23.    Without knowledge.

24.    Admitted that a DFS consumer guide entitled "Homeowners' Insurance: A Toolkit for Consumers" is quoted. Otherwise, denied.

25.    Without knowledge as phrased and therefore denied.

26.    Without knowledge as phrased and therefore denied.

27.    Admitted that a DFS consumer guide entitled "Homeowners' Insurance: A Toolkit for Consumers" is quoted. Otherwise, denied.

**B.**    **HOMEOWNERS' RIGHTS AND THE USE OF ASSIGNMENT OF BENEFITS CONTRACTS ARE STATUTORILY PROTECTED RIGHTS IN FLORIDA.**

28.    Admitted that section 627.7142, Florida Statutes is entitled "Homeowners Claims Bill of Rights." Otherwise, without knowledge as phrased and therefore denied.

29.    Section 627.7142, Florida Statutes is entitled ""Homeowners Claims Bill of Rights" speaks for itself. Otherwise, denied.

30.    Without knowledge.

31.    Without knowledge.

32.    Without knowledge.

33.    Without knowledge.

34.    Admitted that section 627.7152, Florida Statutes relates to "Assignment Agreements" and was initially enacted in 2019.

35.    Without knowledge.

36.    Without knowledge.

**C.**    **DFS AND PERRAULT CONDUCTED THE INVESTIGATIONS THAT RESULTED IN FELONY PROSECUTION AGAINST H. BLACK.**

37.    Denied.

38.    Denied.

> ### *(i) The "Investigation" that Led to the Criminal Prosecution.*

39.     Admitted that Plaintiff neither held a roofing contractor license nor a public adjuster license and that he interacted with the homeowner who had residential property insurance with Olympus. Otherwise, denied.

40.     Denied.

41.     The Affidavit speaks for itself. Otherwise, denied.

42.     Admitted that a three-count information from *State of Florida v. Hunter Seaborn Mackenzie Black*, Case No. 2024CF000956 is attached to the Amended Complaint as Exhibit B. The document is identified as "20-2" to the Amended Complaint filed with this court and it speaks for itself. Otherwise, denied.

> ### *a.     The Criminal Prosecution Regarding the Crosier Property Was Based on False Facts.*

43.     Without knowledge as to Crosier's testimony and therefore denied. Otherwise, denied.

44.     Without knowledge as to Crosier's testimony and therefore denied. Otherwise, denied.

45.     Admitted that PERRAULT was one of the detectives involved in the investigations that included the Croiser property.

46.     Admitted that a *Nolle Prosequi* in *State of Florida v. Hunter Seaborn Mackenzie Black*, Case No. 2024CF000956 is attached to the Amended Complaint

as Exhibit C. The document is identified as "20-3" to the Amended Complaint filed

with this court. Otherwise, denied.

**D.     H. BLACK INCURRED SIGNFICANAT DAMAGES FROM THE CRIMINAL PROSECUTION THAT WAS BASED ON PERRAULT'S FANCIFUL, FALSE, AND SHODDY INVESTIGATION.**

47.     Without knowledge as to Plaintiff's incurrence of attorney fees.

Otherwise, denied.

48.     Denied.

## CLAIMS FOR RELIEF

## COUNT I – 42 U.S.C. §1983 MALICIOUS POSECUTION VIOLATION RELATED TO FIRST CRIMINAL PROSECUTION

49.     Defendant re-alleges its answers to Paragraphs 1-48 in Plaintiff's

Amended Complaint, as if set forth fully herein.

50.     Admitted that the Amended Complaint attempts to allege a claim for

a violation of 42 U.S.C. § 1983. Otherwise, denied.

51.     Admitted that the Amended Complaint attempts to allege a violation

of the Fourth Amendment. Otherwise, denied.

52.     Admitted that persons are entitled to certain rights under the Fourth

Amendment of the U.S. Constitution. Otherwise, denied as phrased.

53.     Denied.

54.     Without knowledge to the reference to "First Criminal Prosecution."

Admitted that PERRAULT was a law enforcement detective with the DFS and

employed by the State of Florida.

55.    Admitted.

56.    Admitted.

57.    Denied.

58.    Admitted that a *Nolle Prosequi* was filed. Otherwise, denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

## COUNT II – NEGLIGENT INVESTIGATION RELATED TO FIRST CRIMINAL PROSECUTION (AGAINST DFS)

66. – 73.    The allegations in paragraphs 128 through 135 are not directed at Defendant PERRAULT and thus do not require a direct response by this Defendant. To the extent that any such allegation in these paragraphs may be construed as being directed at PERRAULT, the allegation is expressly denied. Moreover, the allegations appear to fail to state a claim upon which relief can be granted.

7

## GENERAL DENIAL

All allegations of the Plaintiff's Amended Complaint that are not expressly admitted above are hereby specifically denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in his unnumbered "Wherefore" clause following paragraph 66 of the Amended Complaint.

## JURY DEMAND

The Defendant admits that Plaintiff has demanded trial by jury and similarly demands trial by jury on all issues so triable.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiff's Amended Complaint fails to state a claim for which relief can be granted, including but not limited to, a failure to state material facts to establish the essential elements of a constitutional claim under the Fourth Amendment to the United States Constitution and the denial of rights secured under federal law that Plaintiff is attempting to assert.

2.      Qualified immunity applies to the facts, claims, and causes of action being alleged by Plaintiff. Moreover, any and all actions of the Defendant were undertaken pursuant to discretionary authority and were within the course and scope of his employment. Furthermore, all actions were taken in good faith and were not

contrary to obligations created by clearly established law. The conduct of the Defendant did not violate any clearly established statutory or constitutional right which a reasonable person and/or reasonable law enforcement officer would have known. All of the Defendant's actions, decisions, and conduct were supported by arguable probable cause in that a reasonable law enforcement officer could have believed probable cause existed, and thus qualified immunity applies to Defendant.

3.      Any and all actions of Defendant were objectively and subjectively reasonable given the totality of circumstances.

4.      Any and all actions of Defendant were based upon and were supported by probable cause and were reasonable, necessary, and proper based on the totality of the circumstances. Any detention or restraint of the Plaintiff was based on probable cause and was justified based on the totality of the circumstances known at the time and thus there was no Fourth Amendment violation to serve as the basis for a claim under 42 U.S.C. § 1983.

5.      Any and all actions towards the Plaintiff and taken by Defendant were taken in good faith and without malice and were based on facts and circumstances. The Defendant had proper cause to investigate the matters related to Plaintiff in the manner that he did. Moreover, Defendant at all times acted in good faith and without malice in the course and scope of the duties as a detective, officer, investigator, and/or employee of DFS.

9

6. The conduct of the Defendant was not the legal or the proximate cause of any alleged damage or injury to Plaintiff and instead, were consequences of the conduct of the Plaintiff or other third parties. There is not an affirmative causal connection between defendant's alleged acts or omissions and the alleged constitutional deprivation. Moreover, all alleged injuries and damages claimed by Plaintiff were due to and furthered by the actions and conduct of Plaintiff or other third parties.

7. All decisions regarding the Plaintiff was based upon good faith and professional judgment, were reasonable, based on probable cause, and were made for legitimate reasons.

8. The actions of Plaintiff were the sole legal cause of the alleged damage complained of in the Amended Complaint and in this action.

9. Assuming, arguendo, if Plaintiff is entitled to any damages for the actions complained of herein, which Defendant denies, Plaintiff has failed to mitigate his damage and/or has caused or aggravated the damage he claims to have suffered.

10. Plaintiff comes before this Court with unclean hands.

11. The doctrines of waiver, estoppel, and laches apply to the facts and circumstances alleged by Plaintiff in the Amended Complaint.

12.     Plaintiff's damages should be reduced or set off by any amount paid to, received by, or to be received in the future from, any third party, collateral source or any other source permitted by Florida Statutes or applicable law.

13.     The Defendant is not liable for punitive damages claimed by Plaintiff because he did not commit any actions with malice, fraud, wantonness, oppression, or entire want of care which would raise the presumption of conscious indifference to the consequences to the Plaintiff by clear and convincing evidence. Moreover, any claim for an award of punitive damages that violates the Constitution of the United States, and the Constitution for the State of Florida should be stricken.

14.     At no time did the Defendant deprive Plaintiff of his clearly established constitutional rights.

15.     The criminal case referenced in the Amended Complaint was directly filed with the respective State Attorney's Offices, who subsequently approved the issuance of the arrest warrant and prosecution for each case and then presented the matters to a judge who also approved and signed the arrest warrants. Moreover, probable cause existed for the issuance of the arrest warrants.

16.     There is no affirmative causal link between the alleged constitutional deprivations complained of by the Plaintiff and any intentional act of Defendant.

17.     The Plaintiff may have failed to meet the conditions precedent to the filing of this action.

18.     The Defendant reserves the right to assert further defenses and affirmative defenses if and when they become evident during the course of discovery.

WHEREFORE, Defendant ROBERT J. PERRAULT, JR. respectfully demand judgment in their favor, and against the Plaintiff, and requests that the Court to award Defendant any other further relief it deems just and proper.

Dated this 13th day of January 2026.

HENRY BUCHANAN, P.A.


*s/ J. Steven Carter*
MIRIAM R. COLES
Florida Bar No. 58402
mcoles@henryblaw.com
J. STEVEN CARTER
Florida Bar No. 896152
scarter@henryblaw.com
Post Office Drawer 14079
Tallahassee, Florida 32317-4079
Telephone:  (850) 222-2920
Facsimile:   (850) 224-0034
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed via the CM/ECF system and electronic notification to all counsel of record on this 13th day of January 2026.

*s/ J. Steven Carter*
Attorney

12